Richard W. POINDEXTER, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–678.

United States Court of Veterans Appeals.

March 9, 1992.

Before FARLEY, Associate Judge.

MEMORANDUM DECISION

FARLEY, Associate Judge:

In its decision of January 14, 1991, the Board of Veterans' Appeals (Board or BVA) denied appellant's claim for entitlement to service connection for a respiratory disorder. A timely appeal to this Court followed. On December 5, 1991, appellant filed an informal brief. On December 19,

1991, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, for acceptance of the motion in lieu of a brief and for a stay of proceedings pending a ruling on this motion. Appellant did not file a response to the motion.

Appellant served in the Army from April 28, 1941, until honorably discharged on a certificate of disability dated March 7, 1942. An entry in appellant's service medical progress notes, presumably in response to an investigation seeking to determine the existence of "fraudulent enlistment", reflects:

> [T]here is no fraudulent enlistment here. This young man has had an easy soft life and has never done any hard labor that would put to test his exercise tolerance. He has had his cough so long and ... has *lived* with it so long, he has taken it for granted. Hence, *to him*, it is not abnormal.

R. at 30. A letter dated October 13, 1941, written by appellant's brother to the medical corps lieutenant states that appellant had suffered from "an old respiratory complaint ... since infancy." R. at 68. Additionally, the Certificate of Disability For Discharge indicates that

> [h]istory obtained from soldier and family indicates that prior to entrance into the military service he was subject to frequent respiratory infection and had a chronic cough which was occasionally productive....

R. at 65. The February 12, 1942, report of the board of medical examiners, relevant to appellant's disability discharge, concludes: "Disability existed ... prior to enlistment, not in line of duty and was not due to his own misconduct." R. at 65–66.

On November 28, 1942, appellant was granted service connection for chronic bronchiectasis, right lower lobe at 10% disabling. R. at 70–71. (At some later time, apparently appellant also was granted service connection for a nervous condition secondary to chronic bronchiectasis; the rating decision is not included in the record on appeal.) In July 1957, the Veterans Administration (now the Department of Veterans Affairs) Regional Office (RO), after determining that appellant's bronchial condition had preexisted service and had not been aggravated in service, found that service connection for "a bronchial condition with a secondary nervous condition was clearly and unmistakably in error." R. at 188–189.

In a decision dated June 19, 1958, the BVA concluded that chronic respiratory disease, including bronchiectasis, clearly and unmistakably preexisted active service and was not aggravated in service and denied the restoration of service connection for chronic bronchiectasis and service connection for chronic bronchitis. The BVA remanded to the RO for further development the issue of service connection for pulmonary tuberculosis. R. at 235 (*Richard W. Poindexter*, BVA docket no. 447 905 (June 19, 1958)). Upon additional development, on December 31, 1958, the BVA found that the record did not demonstrate either in-service presence of pulmonary tuberculosis nor the manifestation of such to a compensable degree within the presumptive period. R. at 248 (*Richard W. Poindexter*, BVA docket no. 462 713 (Dec. 31, 1958)). A subsequent rating decision of May 19, 1960, continued to deny service connection. R. at 254.

In January 1990, appellant sought to reopen his claim for service connection for a respiratory disease based on lay statements from eight individuals attesting to appellant's lack of physical and medical problems prior to entering military service. R. at 255–262. The claim was denied, and appellant appealed to the BVA, submitting hearing testimony in support of his assertions that he enjoyed good health prior to service. Appellant essentially described his activities while growing up as normal: he played "[b]aseball, softball" and had no more colds than his brothers did. R. at 276. Appellant also asserted that the letter written by his brother in October 1941 was incorrect and had been intended to secure appellant's release from the Army. Appellant averred that he in fact did not suffer from childhood illnesses as the letter had stated: "It was erroneous but it was [written] to help the family situation [by enabling appellant to return home to care for an ill family member] ..." R. at 281.

In its decision of January 14, 1991, the BVA affirmed the prior decisions denying

 

service connection. *Richard W. Poindexter*, BVA 91–01178 (Jan. 14, 1991). The Board found

> that while there were no respiratory disabilities reported at the time of the veteran's entrance into active service, the veteran was hospitalized for chronic respiratory impairment and prematurely released from active service due to a letter from his brother which noted that he had suffered from chronic respiratory disability since infancy. It was not shown in the service medical records, that the veteran's preservice [sic] chronic respiratory disability had been aggravated.

*Id.* at 7. Further, the Board noted that the veteran's testimony and, as well, the lay statements asserting that appellant had no chronic respiratory disability prior to service, were not corroborated by service or contemporaneous medical records.

 "It is not the function of this Court to decide whether a veteran was injured or whether any such injury occurred in or was aggravated during military service; rather, it is the function of this Court to decide whether such factual determinations made by the BVA in a particular case constituted clear error." *Gilbert v. Derwinski*, 1 Vet. App. 49, 53 (1990). Where there is a plausible basis in the record for the BVA's decision, this Court may not substitute its own interpretation of the facts. *Id.*

 Here, the Board considered appellant's service and post-service medical records, hearing testimony and the lay submissions of appellant's brother and others. Appellant asserts that the BVA based its decision solely on the "erroneous" letter submitted by appellant's brother. However, the record significantly also reflects medical progress notes from January 18, 1942, and a report of the board of medical officers certifying appellant's disability discharge, both which support the BVA's conclusions. Therefore, the record contains more than a merely plausible basis for the BVA's factual determinations that appellant's respiratory disease existed prior to service and was not aggravated while in service.

 Accordingly, upon consideration of the record, appellant's informal brief, and appellee's motion for summary affirmance, it is the holding of the Court that appellant has not demonstrated that the Board of Veterans' Appeals committed either factual or legal error which would warrant reversal. *Gilbert, supra.; see also Anderson v. City of Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States*, 899 F.2d 3 (Fed.Cir.1990). Summary affirmance is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *Frankel v. Derwinski*, 1 Vet.App. 23 (1990). Accordingly, the Secretary's motion for summary affirmance is granted and the decision of the Board of Veterans' Appeals is AFFIRMED.